**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

PAUL BULL,

                         Plaintiff,

     - v -                                       Civ. No. 1:05-CV-1232
                                                          (LEK/RFT)

COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

ERWIN, McCANE LAW FIRM                 THOMAS C. ERWIN, ESQ.
Attorney for Plaintiff
23 Elk Street
Albany, New York 12207

HON. ANDREW T. BAXTER                WILLIAM H. PEASE
Acting United States Attorney             Assistant United States Attorney
Northern District of New York
Attorney for Defendant
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

SOCIAL SECURITY ADMINISTRATION     BARBARA L. SPIVAK, ESQ.
Office of Regional General Counsel, Region II   Chief Counsel
Attorney for Defendant
26 Federal Plaza                              DENNIS J. CANNING, ESQ.
New York, New York 10278               Special Assistant U.S. Attorney

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      In this action, Plaintiff Paul Bull moves, pursuant to 42 U.S.C. § 405(g), for review of a decision by the Commissioner of Social Security denying his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).[1]  Based upon the following discussion, this Court

---

[1] This case has proceeded in accordance with General Order 18, which sets forth the procedures to be followed when appealing a denial of Social Security benefits.  Both parties have filed Briefs, though oral argument was not heard. Dkt. Nos. 7 & 8.  The matter was referred to the undersigned for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

recommends that the Commissioner's decision denying Social Security benefits be **affirmed**.

## I. BACKGROUND

### A. Facts

Born on May 28, 1970, Bull was thirty-one years old when he applied for disability benefits. Dkt. No. 6, Admin. Transcript [hereinafter "Tr."] at p. 97. Plaintiff completed the eleventh grade, but did not graduate from high school. *Id*. at pp. 116 & 326. Bull previously worked as a landscaper, cook, warehouse worker, mason handler, and asbestos remover. *Id*. at pp. 111 & 125. Generally, Bull alleges a disability due to Buerger's disease,[2] amputation of part of his left foot, and a learning disability. *Id*. at pp. 110, 326-29, & 331.

### B. Procedural History

On October 4, 2001, Bull filed for DIB and SSI alleging a disability onset date of December 24, 2000. Tr. at pp. 97-99 & 302-03. The applications were initially denied. *Id*. at pp. 24-29 & 305-06. On December 30, 2002, April 29, 2003, and March 8, 2004, a Hearing was held before Administrative Law Judge (ALJ) Thomas P. Zolezzi (Tr. at pp. 319-89), and, on April 19, 2004, the ALJ issued an unfavorable decision against Bull (Tr. at pp. 15-23). On August 3, 2005, the Appeals Council concluded that there was no basis under the Social Security Regulations to grant Plaintiff's request for review, thus rendering the ALJ's decision the final determination of the Commissioner. *Id*. at pp. 4-7. Exhausting all of his options for review through the Social Security Administration's tribunals, Plaintiff now brings this appeal.

---

[2] Buerger's disease, also known as thromboangiitis obliterans, is an "inflammation of the medium-sized arteries and veins, especially of the legs, that is associated with thrombotic occlusion and that commonly results in ischemia and gangrene."  THE AMERICAN HERITAGE MEDICAL DICTIONARY 115, 822 (Revised ed. 2007).

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), the proper standard of review for this Court is not to employ a *de novo* review, but rather to discern whether substantial evidence supports the Commissioner's findings and that the correct legal standards have been applied. *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *Urtz v. Callahan*, 965 F. Supp. 324, 325-26 (N.D.N.Y. 1997) (citing, *inter alia*, *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Succinctly defined, substantial evidence is "more than a mere scintilla," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

The ALJ must set forth the crucial factors supporting the decision with sufficient specificity. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Where the ALJ's findings are supported by substantial evidence, the court may not interject its interpretation of the administrative record. *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); 42 U.S.C. § 405(g). Where the weight of the evidence, however, does not meet the requirement for substantial evidence or a reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed. *Johnson v. Bowen*, 817 F.2d at 986.

### B. Determination of Disability

To be considered disabled within the meaning of the Social Security Act, a plaintiff must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, the claimant's physical or mental impairments must be of such severity

as to prevent engagement in any kind of substantial gainful work which exists in the national economy. *Id*. at § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner follows a five-step analysis set forth in the Social Security Administration Regulations. 20 C.F.R. §§ 404.1520 & 416.920. At Step One, the Commissioner "considers whether the claimant is currently engaged in gainful activity." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the inquiry ends. 20 C.F.R. §§ 404.1520(b) & 416.920(b). If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to Step Two and assesses whether the claimant suffers from a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* at §§ 404.1520(c) & 416.920(c). If the claimant suffers from a severe impairment, the Commissioner considers at Step Three whether such impairment(s) meets or equals an impairment listed in Appendix 1, in Part 404, Subpart P of the Regulations. *Id*. at §§ 404.1520(d) & 416.920(d). The Commissioner makes this assessment without considering vocational factors such as age, education, and work experience. *Berry v. Schweiker*, 675 F.2d at 467. Where the claimant has such an impairment the inquiry ceases as he or she is presumed to be disabled and unable to perform substantial gainful activity. *Id*. If the claimant's impairment(s) does not meet or equal the listed impairments, the Commissioner proceeds to Step Four and considers whether the claimant has the residual functional capacity (RFC)[3] to perform his or her past relevant work despite the existence of severe impairments. 20 C.F.R. §§ 404.1520(e) & 416.920(e). If the claimant cannot perform his or her past work, then at Step Five, the Commissioner considers whether

---

[3] "Residual functional capacity" is defined by the Regulations as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a) & 416.945(a).

the claimant can perform any other work available in the national economy. *Berry v. Schweiker*, 675 F.2d at 467; 20 C.F.R. §§ 404.1520(f) & 416.920(f).

Initially, the burden of proof lies with the claimant to show that his or her impairment(s) prevents a return to previous employment (Steps One through Four). *Berry v. Schweiker*, 675 F.2d at 467. If the claimant meets that burden, the burden then shifts to the Commissioner at Step Five to establish, with specific reference to medical evidence, that the claimant's physical and/or mental impairment(s) are not of such severity as to prevent him or her from performing work that is available within the national economy. *Id.*; 42 U.S.C. § 423(d)(2)(A); *see also White v. Sec'y of Health and Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). In making this showing at Step Five, the claimant's RFC must be considered along with other vocational factors such as age, education, past work experience, and transferability of skills. 20 C.F.R. §§ 404.1520(f) & 416.920(f); *see also New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

### C. ALJ Zolezzi's Findings

Bull, as well as a vocational expert, testified at the Hearing. Tr. at pp. 319-89. In addition to such testimony, the ALJ had Bull's medical records consisting of treatment reports and opinions from various treating and/or examining physicians. *Id.* at pp. 172-301.

Using the five-step disability evaluation, ALJ Zolezzi found that 1) Bull had not engaged in any substantial gainful activity since December 24, 2000, the alleged onset disability date; 2) he has severe medically determinable impairments, namely Buerger's disease, amputation of part of the left foot, and a learning disability; 3) his severe impairments did not meet nor medically equal any of the impairments listed in Appendix 1, Subpart P of Social Security Regulation No. 4; 4) he cannot perform his past relevant work as a warehouse worker, mason handler, or asbestos remover, but he has retained the

residual functional capacity to perform sedentary work; and 5) relying upon the medical-vocational guidelines (the "grid") set forth in the governing regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 2, as a framework for determining the existence of available work which Plaintiff is capable of performing, assisted by testimony from a vocational expert, concluded that there is available work within the national and local economies which Plaintiff is capable of performing including, *inter alia*, work as a small products assembler. *Id*. at pp. 15-23. After reviewing the administrative transcript, the Court finds that the ALJ applied the correct legal standards and his findings are supported by substantial evidence of record.

### D. Bull's Contentions

Plaintiff contends that the ALJ's decision denying benefits should be remanded or judgment should be granted in his favor because: (1) at Step Three, the ALJ failed to properly assess whether his impairments met or equaled a Listing; and (2) at Step Five, the ALJ erred by finding there was work in the national and regional economy that he could perform. Dkt. No. 7, Pl.'s Br.

#### 1. Impairment Listing

Plaintiff asserts that the ALJ erred in finding that the partial amputation of his left foot did not meet or equal Listing 1.05 or 9.08. Pl.'s Br. at pp. 6-7. The Commissioner contends that the ALJ properly determined that Plaintiff's condition did not meet or medically equal a listed impairment. Dkt. No. 8, Def.'s Br. at pp. 15-17.

As previously stated, at Step Three of the sequential disability evaluation process, the ALJ must determine whether the claimant's conditions meet or equal the requirements for any impairment listed in Part 404 of the Social Security Regulations, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii). The Listing of Impairments describes, "for each of the major body systems,

impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525(a) & 416.925(a). If a claimant's impairment or combination of impairments meets or equals a listed impairment, the evaluation process is concluded and the claimant is considered disabled without considering the claimant's age, education, or work experience. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

The burden is on the plaintiff to present medical findings which show that his or her impairments match a listing or are equal in severity to a listed impairment. *Zwick v. Apfel*, 1998 WL 426800, at *6 (S.D.N.Y. July 27, 1998). In order to show that an impairment matches a listing, the claimant must show that his or her impairment meets all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. §§ 404.1525(d) & 416.925(d). If a claimant's impairment "manifests only some of those criteria, no matter how severely," such impairment does not qualify. *Sullivan v. Zebley*, 493 U.S. at 530. To make this showing, the claimant must present medical findings equal in severity to all requirements which are supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §§ 404.1526(b) & 416.926(b). Any abnormal physical findings "must be shown to persist on repeated examinations despite therapy." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B). Furthermore, the medical reports should reflect physical limitations based upon actual observations and not just the claimant's subjective complaints. *Id.*

With regard to Listing 1.05, an individual can meet or equal the Listing, by any cause, if the amputation involves:

A. Both hands; or
B. One or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively, as defined in 1.00B2b, which have lasted or are expected to last for at least 12 months; or
C. One hand and one lower extremity at or above the tarsal region, with inability to ambulate effectively, as defined in 1.00B2b; or

>    D.  Hemipelvectomy or hip disarticulation.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.05 (2004).

Here, only Listing 1.05(B) could be applicable in Plaintiff's case.  However, while Plaintiff had the big toe on his right foot and parts of two toes on his left foot amputated, there is no evidence that there was amputation "at or above the tarsal region," meaning the ankle bones.  *See* Tr. at pp. 172-301; *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (stating that the tarsal region was the ankle); *see also* Online Medical Dictionary, *at* http://medical-dictionary.thefreedictionary.com/tarsal (stating that the tarsal region pertains to the ankle) (last visited March 5, 2009).  As such, the basic criteria required under Listing 1.05(B) was not met nor equaled and Plaintiff failed to meet his burden.

As for Listing 9.08, an individual meets or equals this Listing if he has ***diabetes mellitus*** with:

>    A.  Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C); or
>    B.  Acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests (pH or pCO2 or bicarbonate levels); or
>    C.  Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03, or 2.04.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 9.08 (2004).

In this case, Plaintiff was never diagnosed with any form of diabetes, as conceded by his counsel during the Hearing.  *See* Tr. at p. 322.  Furthermore, a review of the medical evidence establishes that no doctor treated Plaintiff for the illness.  *See id*. at pp. 172-301.  Thus, Plaintiff's insistence that he met this Listing is wholly unfounded.

Based upon the evidence in the record, Plaintiff failed to demonstrate that he met or equaled either Listing 1.05 or 9.08.  Accordingly, it is recommended that the Commissioner's decision be affirmed on this ground.

### 2. Step Five-Vocational Expert Testimony

Plaintiff contends that the Commissioner failed to meet his burden at Step Five insofar as the vocational expert testified that there was only one job Plaintiff could perform and that the job did not exist in significant numbers in the economy. Pl.'s Br. at pp. 7-8. The Commissioner states that job discussed by the vocational expert exists in significant numbers. Def.'s Br. at pp. 17-19.

As stated previously, if the ALJ finds that the claimant cannot perform his past work, then at Step Five, the Commissioner considers whether the claimant can perform any other work available in the national economy based on the claimant's RFC, age, education, and prior vocational experience. *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d at 467; *Brown v. Comm'r of Soc. Sec.*, 2005 WL 1745655, at *3 (N.D.N.Y. June 30, 2005). In a case where vocational expert testimony is utilized, "[t]he ALJ is entitled to rely on vocational expert evidence in deciding whether a plaintiff retains the capacity to perform other work which exists in significant numbers in the national economy." *Marzean v. Comm'r of Soc. Sec.*, 2008 WL 1945229, at *5 (N.D.N.Y. May 1, 2008) (citing 20 C.F.R. § 404.1566(e)). Moreover, "[i]t is well-established that elicitation of testimony from a vocational expert is a proper means of fulfilling the agency's burden at step five of the disability test to establish the existence of jobs in sufficient numbers in the national and regional economy that plaintiff is capable of performing." *Id.* (citing *Bapp v. Bowen*, 802 F.2d 601, 604-05 (2d Cir. 1986)) (further citations omitted).

Here, the ALJ stated that Plaintiff could not perform his past relevant work. Tr. at p. 21. As a result, the ALJ employed the testimony of a vocational expert. *See id.* Using a hypothetical that incorporated the ALJ's RFC determination, the ALJ questioned whether there were any jobs in the economy that Plaintiff could perform. *Id*. at pp. 371-72. The vocational expert testified that Plaintiff

could perform the work of a small products assembler and that the job existed in "significant numbers[,]" approximately 100,000 nationally and 125 locally. *Id*. at pp. 372-73.

Although the vocational expert identified only "a single job, the Social Security Act affords benefits only to those who cannot 'engage in *any* other kind of substantial gainful work which exists in the national economy[.]'" *Renna v. Barnhart*, 2007 WL 602395, at *5 (E.D.N.Y. Feb. 21, 2007) (citing 42 U.S.C. § 423(d)(2)(A) (emphasis added) & *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) (affirming step-five determination based on evidence of only one job)). Furthermore, the Regulations state that the Commissioner is to consider whether significant numbers exist "*either* in the region where [the claimant lives] *or* in several other regions of the country" but the focus need not be on the immediate area in which an individual lives. 20 C.F.R. §§ 404.1566(a) & 416.966(a) (emphasis added). Thus, the vocational expert's testimony stating that there were approximately 100,000 jobs of this nature in the national economy and 125 locally constitutes a significant number. *Id*. at §§ 404.1566(b) & 416.966(b) (cited in *Wright v. Chater*, 969 F. Supp. 143, 148 (W.D.N.Y. 1997)); *see also Dumas v. Schweiker*, 712 F.2d at 1549 (holding that 150 jobs in the region and 112,000 jobs in the national economy constituted a significant number of jobs); *Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987) (finding that 200 jobs was a significant number); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (stating that 174 jobs in the local area and 80,000 nationwide constituted a significant number). Accordingly, the testimony provided that Plaintiff could work as a small products assembler satisfied the Commissioner's Step Five burden and supports the ALJ's determination that he could perform jobs existing in the national economy.

Therefore, it is recommended that the Commissioner's determination be affirmed on this ground.

### III. CONCLUSION

In light of the foregoing discussion, it is clear that in finding Bull was not disabled, the ALJ applied the correct legal standards and his factual findings were supported by substantial evidence. Thus, this Court recommends that decision be upheld.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Commissioner's decision denying Disability Insurance Benefits and Supplemental Security Income be **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: March 5, 2009
  Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge